937 F.2d 617
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven A. BOWEN, Defendant-Appellant.
 No. 90-3154.
 United States Court of Appeals, Tenth Circuit.
 July 22, 1991.
 
 1
 Before JOHN A. MOORE, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and KANE, Senior District Judge*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 The sole issue presented in this case is whether the trial court erred in overruling defendant Steven A. Bower's motion for severance of defendants. To find error, it would be necessary for the panel to reverse United States v. Cardall, 885 F.2d 656 (10th Cir.1989), and United States v. Hack, 782 F.2d 862 (10th Cir.), cert. denied, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549, 1986). We decline to do so and affirm.
 
 
 5
 A timely notice of appeal was filed by Bowen on May 17, 1990. Jurisdiction is admitted.
 
 
 6
 Steven A. Bowen was found guilty by a jury of the one count of distributing cocaine within 1,000 feet of an elementary school in violation of 21 U.S.C. Sec. 845(a) (redesignated as 21 U.S.C. Sec. 860). He was tried jointly with his brother-in-law, Neil W. White. White was charged with six counts of cocaine distribution and one count of use of a firearm during a distribution of cocaine. Bowen and White were charged jointly in one count.
 
 
 7
 Bowen appeals the denial of his motion to sever the joint count from the other six counts against White. Bowen made the appropriate pre-trial motion to sever, which was renewed and argued before trial and again at the close of all evidence. The motion was denied each time.
 
 
 8
 White sold 27.97 grams of cocaine to Guy Caster, a DEA informant and an undercover DEA officer on July 19, 1989. This transaction was tape recorded and witnessed by the undercover agent. On August 18, 1989, Caster purchased 28.11 grams of cocaine from White while the undercover agent waited outside. This transaction was also tape recorded. On September 12, 1989, White sold 27.88 grams of cocaine to Caster and the undercover agent in another tape recorded transaction during which a loaded firearm was shown to the undercover agent. On September 25, 1989, White sold 27.2 grams of cocaine to Caster in another tape recorded transaction. The house where the transaction took place was under surveillance by DEA agents.
 
 
 9
 On October 2, 1989, Caster advised White that he wanted to buy as much cocaine as possible before he left town. White told Caster that he had two or three ounces at the house but that his brother-in-law would be bringing the rest. White distributed about 70.22 grams of cocaine to the informant before Bowen's arrival. This part of the transaction was tape recorded and the house was under surveillance. The tape recorder ran out before Bowen arrived.
 
 
 10
 Several agents saw Bowen arrive at the house carrying a cardboard box. Caster saw packages of cocaine in the box when Bowen entered the house. Bowen and White went into the spare bedroom area and, within a few minutes, called Caster back to the bedroom and bathroom area. Caster heard Bowen say something to the effect of, "Let's see how he does with this much and whether he screws this up before we give him more." When Caster entered the back bedroom and bathroom area, White handed him 10 ounces of cocaine packaged in three separate bags and told him there was three ounces, three ounces and two ounces in the bags. Bowen quickly corrected White saying that there were four ounces, four ounces and two ounces in the bags. Caster told Bowen and White that he would return around 3:00 p.m. with the money for the cocaine. Bowen and White said that would be fine. Caster left and then Bowen left.
 
 
 11
 At around 2:30 p.m., or 30 minutes earlier than Caster told Bowen and White he would bring the money to them, Bowen returned to White's house.
 
 
 12
 White was convicted on all but the firearms count. Bowen was convicted of the one count with which he was charged.
 
 
 13
 In order for a defendant to establish reversible error in the denial of a motion to sever, he must show actual prejudice. Bowen argues that he would have had a better chance of acquittal in a separate trial. Such is not sufficient to show actual prejudice. Bowen also complains of negative "spillover effect" from the greater guantum of evidence against White. As we said in Hack, however, severance is not required merely because evidence against a co-defendant is more damaging than evidence against the moving defendant. 782 F.2d at 870. Nor, as we said in Cardall, is actual prejudice established because the co-defendant is charged in a number of counts and the defendant in only one. 885 F.2d at 668.
 
 
 14
 The gist of actual prejudice is shown where the evidence is so confusing that the jury cannot comply with its instruction to give separate personal consideration to the case of each individual defendant. The jury in this case was so instructed and no showing has been made even to suggest it did not follow the instruction as given.
 
 
 15
 The nature of the indictment and the evidence offered against Bowen provided no basis for confusion. The indictment charged White with seven counts and Bowen with one. White was charged with six distributions occurring on six separate dates. Bowen was charged with only one of these distributions. None of the distributions occurred on the same dates. The sixth transaction was tape recorded and surveilled; it is evident that Bowen was present and participating. The other five transactions, in which White alone is charged, were also tape recorded and it is evidence that Steven Bowen was not present. The jury could have had no difficulty in isolating the involvement of each defendant.
 
 
 16
 Finally, separate verdict forms were given which caused the jury to isolate the charges and evidence against each defendant. Given the nature of the evidence, the separate charges, the proper instruction of law and the separate forms of verdict, there is no basis for showing either error in denying the motion to sever or actual prejudice resulting therefrom.
 
 
 17
 The judgment is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., United States Senior District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3